UNITED STATES COURT OF APPEAL
FOR THE ELEVENTH CIRCUIT
_____

CASE NO. 15-14132-D
_____

MOTIVATION, INC.

Claimant/Appellant,

vs.

JTR ENTERPRISES, LLC,

Plaintiff/Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
CASE NO. 4:11-CIV-10074

---

**APPELLEES' YOUNG CONAWAY STARGATT & TAYLOR, LLP AND BRUCE L. SILVERSTEIN'S RESPONSE IN OPPOSITION TO APPELLANT MOTIVATION'S MOTION TO STRIKE EXHIBIT A TO APPELLEES' MOTION FOR SANCTIONS**

---

Jeffrey B. Crockett (FBN: 347401)
jcrockett@coffeyburlington.com
COFFEY BURLINGTON, P.L.
David J. Zack (FBN: 641685)
2601 South Bayshore Drive, Penthouse
Miami, Florida  33133
Telephone:  (305) 858-2900
Facsimile:  (305) 858-5261

*Counsel for Young Conaway Stargatt & Taylor, LLP
and Bruce L. Silverstein, Esq.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and Eleventh Circuit Rule 26.1, Appellees Young Conaway Stargatt & Taylor, LLP and Bruce L. Silverstein, Esq., hereby state the following individuals and entities with any known interest in the outcome of this appeal:

Kendall B. Coffey

Jeffrey B. Crockett

Stephen Elchlepp

Kim Fisher

John Gravante

David Horan

JTR Enterprises LLC

Hon. James L. King

Jay Miscovich

Hugh J. Morgan

Motivation Inc.

Hon. K. Michael Moore

Bruce L. Silverstein

John Siracusa

Paul D. Sullivan

John E. Tuthill

Marlow V. White

Young Conaway Stargatt & Taylor, LLP

David J. Zack

Appellee Young Conaway Stargatt Taylor, LLP has no parent corporation and no publicly held corporation owns 10% or more of it.

Appellees, Young Conaway Stargatt & Taylor LLP and Bruce Silverstein, hereby respond to Motivation's Motion to Strike Exhibit A to Appellees' Motion for Sanctions (the "Motion to Strike").[1]

Appellees filed their Sanctions Motion pursuant to Rule 38, seeking an award of double their legal fees and other costs as damages for being compelled to defend against Motivation's frivolous and bad faith appeal. Exhibit A to the Sanctions Motion is an appendix that sets out what is accurately described in the Sanctions Motion as "a summary of just some of [the] numerous misstatements and mischaracterizations in Motivation's Brief." (Sanctions Motion at 13). Exhibit A is simply a chart identifying, with respect to each false, inaccurate or misleading statement in Motivation's Brief (i) the statement, itself (which is quoted, verbatim); (ii) the page of Motivation's Brief where the false, inaccurate or misleading statement is made, (iii) a brief statement of the reason the statement is false, inaccurate or misleading, and (iv) a citation to the source Motivation claims (falsely) to support its statement. (*See generally* Sanctions Motion at Exhibit A).

In moving to strike Exhibit A, Motivation does not argue (because it cannot) that the identified statements are misquoted. Nor does Motivation contend (nor can Motivation contend) that Appellees' quotations, explanations, or record citations are inaccurate. Indeed, Motivation's Motion to Strike does not even (and cannot) dispute the false, inaccurate and misleading nature of the statements identified in Exhibit A. Rather, Motivation seeks to avoid the Court focusing on the numerous false, inaccurate and misleading assertions in Motivation's Initial Brief by claiming that Exhibit A is an "extension of the substantive argument"

---

[1] Unless specifically defined herein, all capitalized terms have the meaning ascribed in Appellees' Motion for Sanctions (the "Sanctions Motion").

1

contained in the Sanctions Motion, which Motivation claims to cause the Sanctions Motion to exceed the applicable twenty-page limit for motions. As discussed below, Motivation is wrong.

Rule 27 of the Federal Rules of Appellate Procedure distinguishes between a "motion" (which contains the grounds for the motion, the relief sought, and supporting legal argument) and "any affidavit or other paper necessary to support a motion." Exhibit A is an example of the latter, which Rule 27(d)(2) expressly excludes from the page limit applicable to a motion. Thus, there is nothing improper about Exhibit A.

Appellees created and filed Exhibit A in the belief that the exhibit would be helpful to the Court in understanding the breadth of the factual distortions in Motivation's Initial Brief, with record citations showing the false, inaccurate and misleading nature of those distortions. The presentation in a chart format facilitated presentation of the material to the Court. Exhibit A is, at heart, simply a comparison of the false, inaccurate and misleading assertions in Motivation's brief with accurate state of the record, which was properly presented in exhibit form pursuant to Rule 27(d)(2). Fundamentally, the length of Exhibit A is a product of the extent of Motivation's false, inaccurate and misleading assertions in its Initial Brief.

In the final analysis, Appellees respectfully submit that Exhibit A provides a material benefit to the Court, and that the grant of Motivation's Motion to Strike is not only unwarranted, but would be a disservice to the Court. Nonetheless, the Sanctions Motion is powerful, even without Exhibit A, and is more than sufficient to support the relief sought by Appellees.

For the reasons set forth herein above, Motivation's Motion to Strike should be DENIED.[2]

> Respectfully submitted,
>
> COFFEY BURLINGTON, P.L.
>
> By: <u>Jeffrey B. Crockett</u>
>     Jeffrey B. Crockett
>     Florida Bar No. 347401
>     jcrockett@coffeyburlington.com
>     David J. Zack
>     Florida Bar No. 641685
>     dzack@coffeyburlington.com
>     2601 South Bayshore Drive
>     Penthouse
>     Miami, Florida  33133
>     Telephone:  (305) 858-2900
>     Facsimile:  (305) 858-5261

*Counsel for Young Conaway Stargatt & Taylor, LLP
and Bruce L. Silverstein, Esq.*

---

[2] Alternatively, in the interests of providing this Court with a full record of Motivation's false, inaccurate and misleading assertions in its Initial Brief, the Court could treat this opposition as a retroactive motion for an extension of the page limit of the Sanctions Motion – which Appellees do not believe to be necessary inasmuch as Exhibit A is permissible pursuant to Rule 27(d)(2), but which provides an alternative resolution of Motivation's Motion to Strike.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on July 25, 2016, on all counsel or parties of record on the Service List below.

By **/s/ Jeffrey B. Crockett**

## SERVICE LIST

Arthur E. Lewis, Jr., Esq.
Marlow V. White, Esq.
LEWIS & WHITE, PLC
222 W. Georgia Street
P.O. Box 1050
Tallahassee, FL 32301
mvw@lewisandwhite.com
lawlaw@polaris.net

*Counsel for Appellant
Motivation, Inc.*

Ken Sukhia, Esq.
SUKHIA LAW GROUP, PLC
902 N. Gadsden St.
Tallahassee, Florida 32303
ksukhia@sukhialawfirm.com

*Counsel for Appellant
Motivation, Inc.*